[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY CHILD SUPPORT (DOCKETCT Page 8909ENTRY #109.05 AND MOTION DATED 5/6/94 AS PART OF DOCKET ENTRY #116)AND MOTION FOR COUNSEL FEES DATED MAY 6, 1994 (PART OF DOCKET ENTRY#116)
The defendant has filed a Motion to Modify Child Support for the minor child Lauren Nicole McMahon, born September 30, 1987 and whom resides principally with the defendant mother. On March 20, 1991 a decree of dissolution of the parties' marriage entered before the Honorable Elaine Gordon. At that time an agreement dated October 19, 1990 was presented to the court, was found to be fair and equitable, was approved and orders were entered in accordance therewith. Pursuant to paragraphs 3-2 of the agreement the plaintiff was ordered to pay $400.00 per month as child support. The agreement recites the following language:
"The parties recognize and agree that said sum represents a proper amount of child support notwithstanding that the Connecticut Child Support Guidelines would require a different amount. Said amount of child support was determined in consideration of the following: the Husband has agreed hereinbelow to transfer title to the 1989 Pontiac Grand Am to the Wife, while assuming liability for and continuing to make the remaining payments on the automobile loan; the Husband has agreed hereinbelow to pay for the parochial school education of the minor child through the eighth grade; and in consideration of other factors, including but not limited to the additional costs of transportation occasioned by the Wife's relocation from Connecticut to New York with the minor child."
The agreement provided additionally in paragraph 3-3 as follows:
 "The Husband shall be responsible for the payment of the expenses of the minor child's parochial school education, through the eighth grade. For purposes of this agreement, said parochial school educational expenses shall be limited to tuition and books."
In fact the child has not attended parochial school since the date of the parties' agreement, although a deposit was made at one time of $100.00. It was contemplated that parochial school would cost about four thousand dollars per year. (See page 5 of the transcript of testimony before Judge Gordon, defendant's exhibit CT Page 8910 6). Judge Gordon noted on page 7 of the transcript that the child support called for in the agreement is a deviation from the Child Support Guidelines "which was equitable under the circumstances given the other objections to which the plaintiff is binding himself in the agreement which go to the support of the household and the minor child."
The defendant lives in Bronxville, New York and Lauren lives principally with her. Lauren is six years old, and will be 7 on September 30th. The defendant remarried May 27, 1994 and lives with her husband and his two sons ages 10 and 11 and Lauren. Defendant is five months pregnant. At the time of the decree of dissolution she was working for Jessica McClintock dress designer and earning $22,500 per year. Her job at Jessica McClintock terminated in February 1993 and she started another job. However this job terminated two weeks later. She testified that she had been looking for work since then. At present the defendant works part time nights as a hostess in food service and earns on average $46.00 per week.
The defendant is 28 years of age. She testified her health has materially worsened since the date of the decree of dissolution and that she suffers from stress and hypoglycemia although she is not prevented from working.
Lauren attended PH66 in the Bronx, New York for Kindergarten and attended Bronxville Elementary School for first grade for the year 1993-94. She will be entering second grade in Bronxville Elementary School this fall. She spent most of the summer with her father. He enrolled her in summer camp and had her enrolled in sports and activities which she enjoyed. The plaintiff lives in Coventry with his girlfriend. He is employed by E.L. Flowers 
Sons, Inc. as a sales engineer and works out of his home. His base income today is the same as it was in 1991 at the time of judgment. However, he has not included his bonus in his net weekly wage in his current financial affidavit nor did he do so in his financial affidavit filed at the time of the dissolution judgment. His gross weekly pay in his current affidavit is $1,153.00 per week. This is the same amount reported in his financial affidavit of March 20, 1991. His gross annual earnings for 1990 were $68,500, for 1991-$83,000, for 1992-$88,000, and for 1993-$71,000. His net assets have increased from $26,262 to $153,200. Based upon the values the plaintiff placed upon his real properties in defendant's exhibit 4 his net assets total $80,000 more for a total of $233,200. These valuations in defendant's exhibit 4 were 1993 valuations. CT Page 8911
This motion is presented to the court pursuant to § 46b-86(a) of the General Statutes. The court finds that there has been a substantial change in circumstances in that the net assets of the plaintiff have materially increased and in that the defendant no longer has significant earnings from employment. The court finds that the defendant has sustained her burden of proof and has demonstrated a substantial change of circumstances.
There are a number of considerations for the court on the issue of support. Some of these are proper deviations from the Child Support Guidelines. The court must also consider the factors of § 46b-84 of the General Statutes. The factors deserving particular attention in this case are the significant transportation expenses involved between Bronxville and Coventry — 170 miles round-trip for a total of 340 miles every other weekend. The parties have, from time to time, met in Danbury to divide the mileage. To be considered also are the change in the defendant's earning situation, when she has a significant demonstrated earning capacity, and the long hours spent by the plaintiff in his position — 60 to 80 hours per week. The testimony was that he was working these hours at the time of the original judgment, so that § 46b-215a-3(b)(6)(D) of the Child Support Guideline Regulations would not be applicable. The court does find, however, that § 46b-215a-3(b)(1)(B) and § 46b-215a-3(b)(B)(A) of the Child Support Guideline Regulations are applicable.
The court finds that it would be inequitable and inappropriate to apply the Child Support Guidelines in this case and deviates from the guidelines pursuant to § 46b-215a-3(b)(1)(B) and §46b-215a-3(b)(3)(A) of the Child Support Guideline Regulations — earning capacity of the defendant and significant visitation expenses. The court has considered the factors of § 46b-84 of the General Statutes. Having considered all of the foregoing the court modifies the previous order of support and orders that the plaintiff shall pay to the defendant support in the amount of $175.00 per week.
The parties agreed that any modification should be retroactive to May 10, 1994. This is a period of 16 weeks to August 30, 1994. Assuming the plaintiff has paid support in accordance with the previous order this results in a difference of $83.00 per week times 16 weeks for a total of $1,328.00. The court orders that this be paid in an amount of $35.00 per week for 38 weeks. CT Page 8912
The court also orders that the parties shall exchange W-2 forms and form 1099's by February 15 of each year commencing in the year 1995 for so long as there is an obligation to pay support for Lauren. The plaintiff shall supply a copy of his 1993 federal income tax return to the defendant when it is filed with the Internal Revenue Service. The plaintiff shall have the dependency exemption for Lauren for federal and state income tax purposes.
MOTION FOR ATTORNEY'S FEES
The defendant has moved for counsel fees for the prosecution of her Motion for Modification of Child Support. By testimony, Counsel's affidavit and itemized time charge sheets, the defendant claims to have demonstrated the justification for her request of Three Thousand ($3,000.00) Dollars as an allowance to prosecute.
The defendant's attorney has submitted an affidavit regarding counsel fees dated August 25, 1994 which has attached the itemized statements specifying the work performed on behalf of the defendant. The affidavit of defendant's counsel states that the defendant has paid $2,440.00 towards his services to date. Defendant's counsel's time attributable to the Motion for Modification in dollars amounts to $5,100.00. Prorating two thirds of all payments made by the defendant to this figure results in a balance due of $3,490.00 plus out of pocket disbursements of $330.00 for a total amount of $3820.00. The court finds that the amount requested by defendant's counsel of Three Thousand ($3,000.00) Dollars is a fair and reasonable amount for the services rendered on the Motion for Modification.
The plaintiff's attorney has filed an affidavit of his services together with a contemporaneously recorded summary of the services provided to the plaintiff. The court has also received plaintiff's objection to the defendant's Motion for Attorney's Fees. A comparison of the hours spent by plaintiff's counsel (46.3 hours) with total fees for $6,945.00 supports the reasonableness of defendant's counsel's billable time on this motion of $5,100.00.
This motion is presented to the court pursuant to the provisions of § 46b-62 of the General Statutes. This provision of the statutes provides in part as follows:
"In any proceeding seeking relief under the provisions of this chapter . . . ., the court may order either spouse . . . . to pay the reasonable attorney's fees of the other in accordance with theirCT Page 8913respective financial abilities and the criteria set forth insection 46b-82." (emphasis supplied)
Section 46b-82 sets forth certain criteria to include the length of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. The court has considered these factors and considered the respective financial abilities of the parties. As is reflected in the defendant's financial affidavit she has no liquid assets, while the plaintiff has liquid assets of $46,700.
Based upon all of the foregoing the court grants defendant's motion and allows counsel fees on this proceeding of Three Thousand ($3,000.00) Dollars. The plaintiff's objection to the motion is overruled. This does not preclude the defendant from seeking further counsel fees in connection with the other motions before this court in this matter.
Edgar W. Bassick III, Judge